[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14043
Non-Argument Calendar

_____

D.C. Docket No. 1:97-cr-00162-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOBIAN PONDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Tobian Ponder appeals the district court's denial of his motion for compassionate release. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1996, Ponder and three co-conspirators robbed two Burger Kings and a McDonald's in Miami and a Subway in Hialeah. During each of the robberies, Ponder and his co-conspirators threatened the restaurants' employees with firearms, and they stole more than $4,000 in total. In 1998, a jury convicted Ponder of conspiring to commit Hobbs Act robbery, four counts of Hobbs Act robbery, four counts of using a firearm during a crime of violence, possessing a firearm as a convicted felon, and possessing a stolen firearm. The district court sentenced Ponder to 1,015 months' imprisonment. At the time, 18 U.S.C. section 924(c) required the district court to impose consecutive twenty-year sentences for three of his four convictions for using a firearm during a crime of violence. See 18 U.S.C. § 924(c) (1996).

In 2020, Ponder moved for compassionate release because his sentence would be shorter if imposed today with the changes to section 924(c) made by the First Step Act and because his underlying medical conditions, including diabetes, sleep apnea, and cellulitis, put him at increased risk of harm from the coronavirus. The

2

government opposed Ponder's compassionate release motion because, although his medical conditions presented extraordinary and compelling reasons for compassionate release, the section 3553(a) factors weighed against granting compassionate release and the First Step Act's revisions to section 924(c) did not apply retroactively.

The district court denied Ponder's motion because "[t]he circumstances surrounding his crime and his criminal history suggests that his release would endanger the community and would not be consistent with the [section] 3553 factors." The district court also found that "[w]hile [Ponder] has an underlying medical condition, his age mitigates his risk."

## STANDARD OF REVIEW

We review the district court's denial of compassionate release for abuse of discretion. United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion where it commits a clear error of judgment, "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Id. at 911–12 (quoting Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1267 (11th Cir. 2019)). When we review for abuse of discretion, that "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." Id. at 912.

3

## DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, compassionate release is an exception that allows the district courts to "reduce [a] term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that" the reduction is consistent with applicable policy statements by the Sentencing Commission and "extraordinary and compelling reasons warrant such a reduction." Id.; see also Harris, 989 F.3d at 909.

On appeal, Ponder argues that the district court abused its discretion because he presented an extraordinary and compelling reason for compassionate release— that the First Step Act's non-retroactive changes to section 924(c) would make his sentence shorter if he was sentenced today. Ponder also contends that we should remand to the district court because it's unclear from the district court's order whether it considered this to be an extraordinary and compelling reason.

Ponder's argument that the changes to section 924(c)'s sentencing regime constitute an extraordinary and compelling reason for compassionate release is foreclosed by our recent decision in United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021), where we held that guideline section 1B1.13 "is an applicable policy statement that governs all motions under [s]ection 3582(c)(1)(A) and Application Note (1)(D) does not grant discretion to courts to develop 'other reasons' that might

4

justify a reduction in a defendant's sentence." Id. at 1248. The commentary to 1B1.13 sets out a list of extraordinary and compelling reasons for compassionate release: the medical condition of the defendant, the age of the defendant, family circumstances, and "other reasons" determined by the Bureau of Prisons. See U.S.S.G. § 1B1.13 cmt. n.1. Those reasons do not include the non-retroactive changes to section 924(c), see Bryant, 996 F.3d at 1257–58, and Ponder does not argue that one of the "other reasons" determined by the Bureau of Prisons applies in this case.

But even if Ponder had presented extraordinary and compelling reasons for compassionate release, we still could not say that the district court's denial of compassionate release was an abuse of discretion. The district court denied Ponder's request because the section 3553(a) factors did not warrant compassionate release. On appeal, Ponder does not argue that this conclusion was an abuse of discretion. And, "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

In any event, the district court's conclusion that the section 3553(a) factors didn't warrant compassionate release was not an abuse of discretion. The nature and circumstances of Ponder's crimes were serious—he participated in four armed

robberies in two cities.  In one of the robberies, Ponder beat the restaurant owner over the head with a firearm, knocked him to the floor, and continued to kick and beat the owner while he was lying on the ground.  While Ponder was beating him, Ponder told the owner:  "You are dead, before I kill you, I want you to give me all the money."  The owner's gun discharged twice during the beating.  During the other three robberies, Ponder and his co-conspirators repeatedly held the restaurant employees at gunpoint and threatened to kill them.

Ponder's criminal history also shows why the district court denied compassionate release.  In 1993, Ponder and two others stole a woman's purse from the passenger seat of a parked car and then attacked the driver when she resisted. Then, in 1994, Ponder and two others attacked a man and robbed him while he was talking on the phone.  He was convicted of burglary, attempted robbery, robbery, and petit theft, and he was sentenced to two years' imprisonment in connection with each robbery.  While serving his term of imprisonment, he escaped from custody. And, after Ponder escaped, he committed the four armed fast-food robberies.

Given these facts, the district court determined that Ponder's release "would endanger the community and would not be consistent with the [section] 3553 factors."  Having reviewed the record, we cannot say that the district court's conclusion was an abuse of discretion.

**AFFIRMED.**

6